672 S.E.2d 303

**STATE of West Virginia ex rel. Jane L. CLINE, Insurance Commissioner of the State of West Virginia, Petitioner**

v.

**The Honorable Andrew N. FRYE, Jr., Judge of the Circuit Court of Grant County, Gerry A. Davis, Sr., Danny Keplinger, Timothy Rohrbaugh, Monumental Life Insurance Company, and William Blankenbeckler, Respondents.**

**No. 33875.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 3, 2008.

Decided Nov. 6, 2008.

---

Andrew R. Pauley, Jeffrey C. Black, Gregory A. Elam, Offices of the Insurance Commissioner of West Virginia, Charleston, Counsel for the Petitioner.

Janet D. Preston, John W. Cooper, Cooper & Preston, PLLC, Parsons.

James Paul Geary, Geary & Geary, LC, Petersburg, Counsel for the Respondents, Gerry A. Davis, Sr., Danny Keplinger, and Timothy Rohrbaugh.

Ancil G. Ramey, Hannah B. Curry, Steptoe & Johnson, PLLC, Charleston.

Lucien G. Lewin, Eric J. Hulett, Steptoe & Johnson, PLLC, Martinsburg, Counsel for the Respondent, Monumental Life Insurance Company.

McHUGH, Senior Status Justice:[1]

Jane L. Cline, the Insurance Commissioner of the State of West Virginia ("Insurance Commissioner"), seeks a writ of prohibition[2] in connection with two orders[3] entered by the Circuit Court of Grant County directing her to produce documents relating to the investigation of a former insurance agent. Arguing that the materials are both confidential and privileged based on statutory law,[4]

the Petitioner asserts that the trial court erred in ordering that the subject materials be disclosed for use in a private civil action. Critically, all of the parties to the civil action—the former agent who was the subject of the Insurance Commissioner's investigation, Mr. William Blankenbeckler; his former employer, Monumental Life Insurance Company ("Monumental Life"); and the plaintiffs who brought suit against Mr. Blankenbeckler and Monumental Life, have waived any privileges they might have with respect to the documents at issue. Upon our careful review of the grounds upon which the Petitioner seeks relief, we find that the Insurance Commissioner has failed to establish that the trial court committed error in directing the disclosure of the subject documents. Accordingly, the Petitioner's request for a writ of prohibition is hereby denied.

## I. Factual and Procedural Background

The plaintiffs in the underlying civil action, a consolidation of three cases, allege that Mr. Blankenbeckler, while employed as a captive insurance agent for Monumental Life, committed various acts of misconduct including fraud, misrepresentation, churning, and embezzlement of insurance premiums.[5] Sometime in 2004, the plaintiffs notified the Insurance Commissioner about Mr. Blankenbeckler's alleged misconduct. As a result, the Insurance Commissioner instituted an investigation into the insurance-related acts of Mr. Blankenbeckler. That investigation culminated with an agreed order, signed by the Insurance Commissioner and Mr. Blankenbeckler on January 7, 2005, the terms of which required Mr. Blankenbeckler to cease transacting insurance business in this state.

During the discovery phase of the civil action below, both Monumental Life and the plaintiffs sought to obtain the investigatory

---

1. Pursuant to an administrative order entered on September 11, 2008, the Honorable Thomas E. McHugh, Senior Status Justice, was assigned to sit as a member of the Supreme Court of Appeals of West Virginia commencing September 12, 2008, and continuing until the Chief Justice determines that assistance is no longer necessary, in light of the illness of Justice Joseph P. Albright.

2. *See* W.Va.Code § 53–1–1 (1923) (Repl.Vol. 2000).

3. There were two orders, the first of which was entered on August 22, 2007, and the second one was entered on December 3, 2007.

4. *See* W.Va.Code § 33–2–19 (Supp.2007).

5. Mr. Blankenbeckler personally collected the premiums from the plaintiffs on a monthly basis.

file that the Insurance Commission had compiled on Mr. Blankenbeckler.[6] Although the Insurance Commissioner was not a party to the suit below, the trial court entered an order on August 22, 2007, directing the Insurance Commissioner to provide all of the documents in her files pertaining to Mr. Blankenbeckler other than those items she was "specifically prohibited by statute from producing."

Upon her receipt of the August 22, 2007, order, the Insurance Commissioner filed a motion to intervene and a motion for reconsideration of the trial court's ruling. Following the granting of her motion to intervene, the Insurance Commissioner voiced her objections to producing the investigatory materials concerning Mr. Blankenbeckler at a hearing before the trial court on October 10, 2007. During this hearing, the Insurance Commissioner asserted that production of the requested documents would violate the terms of West Virginia Code § 33-2-19 (Supp.2007). Because this statutory provision specifies that investigatory materials compiled by her office are confidential in nature, the Insurance Commissioner argued that the documents at issue are privileged and not subject to disclosure.

In its order of December 3, 2007, the trial court rejected the arguments raised by the Insurance Commissioner and directed for a second time that the investigatory materials at issue must be produced. In support of its ruling, the circuit court found significant the parties' joint request for these documents combined with the absence of any objection on the part of Mr. Blankenbeckler to the production of the materials. The trial court found the Insurance Commissioner's concerns that disclosure will harm the insurance industry unpersuasive, given the involvement of Monumental Life in the document request at issue in this case.

On January 30, 2008, the Insurance Commissioner filed a petition with this Court through which she seeks to prohibit the enforcement of the trial court's orders requiring disclosure of the investigatory materials

compiled on Mr. Blankenbeckler. By ordered entered on February 28, 2008, this Court issued a rule to show cause.

## II. Standard of Review

The standard by which we determine whether a writ of prohibition should issue based on the ground that the circuit court acted in excess of its jurisdiction is well established. As we explained in syllabus point four of *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996):

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

With this standard in mind, we proceed to determine whether the trial court exceeded its jurisdiction in directing the Insurance Commissioner to disclose the investigatory materials in her possession that pertain to Mr. Blankenbeckler.

## III. Discussion

The Insurance Commissioner looks to the statutory language of West Virginia Code

---

**6.** Although this document request was made by plaintiffs' counsel at a hearing before the circuit court on July 23, 2007, it appears that Monumental Life joined in the motion or request at some point.

§ 33–2–19 to argue that the investigatory materials compiled in connection with the investigation of Mr. Blankenbeckler are confidential and not subject to disclosure. The statutory language upon which she relies provides as follows:

(a) *Documents, materials or other information in the possession or control of the commissioner that are obtained in an investigation of any suspected violation of any provision of this chapter or chapter twenty-three* [§§ 23–1–1–et seq.] *of this code are confidential by law and privileged,* are not subject to the provisions of chapter twenty-nine-b [§§ 29B–1–1 et seq.] of this code and *are not open to public inspection.* The commissioner may use the documents, materials or other information in the furtherance of any regulatory or legal action brought as a part of the commissioner's official duties. The *commissioner may use the documents, materials or other information if they are required for evidence in criminal proceedings or for other action by the state or federal government and in such context may be discoverable only as ordered by a court of competent jurisdiction exercising its discretion.*

(b) Neither the commissioner nor any person who receives documents, materials or other information while acting under the authority of the commissioner may be permitted or required to testify in any private civil action concerning any confidential documents, materials or information subject to subsection (a) of this section except as ordered by a court of competent jurisdiction.

W.Va.Code § 33–2–19 (emphasis supplied).

In support of her position that she is statutorily proscribed from producing the subject documents, the Insurance Commissioner looks initially to the language in the first sentence of West Virginia Code § 33–2–19(a) which provides that investigatory materials compiled by that office "are confidential by law and privileged" and "are not open to public inspection." *Id.* Secondarily, she cites language from the third sentence of subsection (a) that authorizes her to disclose documents "if they are required for evidence in criminal proceedings or for other action by the state or federal government." W.Va. Code § 33–2–19(a). Finally, she argues that the "as ordered by a court of competent jurisdiction" language that appears at the end of the third sentence of subsection (a) is limited to either criminal proceedings or other actions by the state and/or federal government based on the precedent language which states "in such context." Because there is no express statutory language that permits her to disclose materials pursuant to the directive of a state court in a civil action, the Insurance Commissioner contends she is barred from complying with the trial court's orders.

■ In response to the statutory interpretation the Insurance Commissioner advocates, the plaintiffs below and Monumental Life argue that the privilege extended to the Insurance Commissioner's investigatory files is not absolute and was clearly not aimed at barring documents from release for civil action purposes. Recognizing the validity of the Insurance Commissioner's position that she is required to uphold the confidentiality protections imposed by West Virginia Code § 33–2–19, the plaintiffs and Monumental Life observe that the intended effect of the statute was to create a privilege that operates to protect against disclosure as to third-parties. When, as in this case, the parties seeking the information through a court order are the very entities who disclosed the information to the Insurance Commissioner or are parties about whom the information was disclosed, and each of those parties has waived any privilege with regard to the release of the information, the protections the statute seeks to impose are either unnecessary or inapplicable. As further support for their position, the Respondents note that the statutory language relied upon from West Virginia Code § 33–2–19 as the source of the confidentiality and privilege protections was not in existence at the time the Insurance Commissioner compiled her file on Mr. Blankenbeckler.[7]

---

**7.** That language was adopted as part of the statutory amendments to West Virginia Code § 33–2– 19 in 2007 that went into effect on June 7, 2007. *See* 2007 W.Va. Acts ch. 35. Because the statute,

We first examine the nature of the privilege that attaches by virtue of the provisions of West Virginia Code § 33–2–19 to documents the Insurance Commissioner compiles when conducting an investigation into alleged insurance law violations. While the Insurance Commissioner seeks to characterize the privilege as absolute, it is clear from the terms of the statute that investigatory documents are subject to production in certain enumerated instances. The legislatively-anticipated exceptions to the general rule against production exist when the documents are used by the Insurance Commissioner in connection with legal or regulatory actions she institutes; in criminal proceedings filed in state and federal court; and for other action taken by the state and/or federal government. *See* W.Va.Code § 33–2–19(a). Additionally, we observe that the provisions of subsection (b) that permit the Commissioner and her agents to testify when "ordered by a court of competent jurisdiction" in a "private civil action" certainly imply the permissible disclosure of confidential information through means of such testimony. W.Va.Code § 33–2–19(b).

▮ Rather than being absolute in nature, the privilege created by West Virginia § 33–2–19 is, at best, a conditional privilege and one that only applies in specified instances. In all circumstances, the statutory privilege applies to shield investigatory materials from FOIA production and from disclosure to the general public. *See* W.Va.Code § 33–2–19(a). According to the Insurance Commissioner, disclosure under the statute is expressly limited to the three exceptions identified in subsection (a): when required for evidence in criminal proceedings; when required for "other action" by the state or federal government; or when required in connection with regulatory or legal actions instituted by the Insurance Commissioner. *See id.* Upon examination, however, the position the Insurance Commissioner advocates is simply untenable.

While the statute does identify several instances when disclosure is clearly contem-

plated, those enumerated instances are not specified as the *only* occasions where the Insurance Commission may be required to produce investigatory materials. And, as Respondents observe, the absence of statutory language barring disclosure from use in civil actions is significant given that the Legislature has opted to categorically ban disclosure in other insurance statutes such as the Insurance Fraud Prevention Act. *See* W.Va. Code § 33–41–7 (2004) (providing that documents Insurance Commissioner obtains when investigating insurance fraud "shall not be open to public inspection, shall not be subject to subpoena, and *shall not be subject to discovery or admissible in evidence in any private civil action*") (emphasis supplied). Because we are required to read related statutes in *pari materia*, we must acknowledge that when the Legislature adopted the statutory language under discussion in 2007, it chose not to include language comparable to the provisions in the Insurance Fraud Prevention Act which expressly proscribe any disclosure of documents for use in a private civil action. *See* W.Va.Code § 33–41–7; Syl. Pt. 5, in part, *Fruehauf Corp. v. Huntington Moving & Storage Co.*, 159 W.Va. 14, 217 S.E.2d 907 (1975) (holding that "[s]tatutes which relate to the same persons or things, or to the same class of persons or things, or statutes which have a common purpose will be regarded in *pari materia* to assure recognition and implementation of the legislative intent").

Our examination of West Virginia Code § 33–2–19 convinces us that the statute, while identifying three instances when disclosure is permitted in subsection (a), does not attempt to limit disclosure to only those three instances. This is evident from subsection (b) which certainly contemplates and impliedly authorizes disclosure of the investigatory materials when the Insurance Commissioner or her agents are required by a court of competent jurisdiction to testify in a civil action. To suggest otherwise is to ignore the obvious fact that the Insurance Commissioner or her agents will undoubted-

as amended in 2007, was clearly in effect at the time the documents were first ordered to be produced on August 27, 2007, we proceed to

apply the provisions of the amended statute to this case.

ly refer to such materials in preparation for or during the course of their testimony. More important, however, is the fact that the issue of disclosure is expressly allowed to be determined by a "court of competent jurisdiction" in both subsection (a) which directly addresses document use or production and in (b) through the indirect use or production that results during the giving of testimony regarding such materials. Contrary to the Insurance Commissioner's position that the investigatory materials are barred in all instances for use in a civil action, the statute suggests that the issue of disclosure may be determined by a circuit court. We reach this conclusion based on the fact that the statute does not contain an across-the-board prohibition on the use of the investigatory materials in a civil action combined with the implication that disclosure is necessarily permitted when the Insurance Commissioner or her agents are directed to testify by a court of competent jurisdiction pursuant to the provisions of subsection (b). *See* W.Va.Code § 33–2–19.

 Having carefully examined the arguments on this issue in conjunction with the relevant statutory provisions, we are compelled to conclude that the provisions of West Virginia Code § 33–2–19 do not expressly prohibit the Insurance Commissioner from disclosing investigatory materials when a court of competent jurisdiction orders that such materials be produced for use in a private civil action. *Cf.* W.Va.Code § 33–41–7. At the same time, however, we fully recognize that the Legislature has valid concerns for maintaining confidentiality with regard to investigatory materials gathered by the Insurance Commissioner. Consequently, our recognition that the investigatory materials compiled by the Insurance Commissioner may be subject to discovery in a civil action hinges upon an initial examination by the trial court regarding the concerns of confidentiality and privilege that were raised below. As is often the case where materials subject to protections based on confidentiality or privilege are requested, the trial court

will need to engage in a balancing test to determine whether the information at issue should be subject to disclosure. *See Child Protection Group v. Cline*, 177 W.Va. 29, 350 S.E.2d 541 (1986) (recognizing need for trial courts to employ balancing test regarding disclosure of personal information under FOIA). In ruling on the issue of whether the Insurance Commissioner's investigatory file should be subject to disclosure in a private civil action, a trial court should examine whether the materials can be obtained from another entity; whether there is a specific need for the materials; whether the individuals named in the materials or affected by the potential disclosure have waived any privilege they may have to such materials; and any other indicia relevant to the issue of privilege or confidentiality.

 In this case, it was represented to the Court that the information sought through the discovery order was not available from any other entity as Mr. Blankenbeckler purportedly does not have any files on his former insurance clients. Additionally, there is no question that the documents at issue are critical to the pending civil action based on the denial of Mr. Blankenbeckler regarding misrepresentations that he previously conceded in the insurance investigation. All of the plaintiffs, Mr. Blankenbeckler, and Monumental Life have waived any privilege concerning the information contained in the Insurance Commissioner's file on Mr. Blankenbeckler. As a consequence, this case presented a unique set of circumstances where no one but the Insurance Commissioner has any objections to the disclosure of the subject information.[8]

 As Monumental Life opined, when all the persons affected by the documents at issue are in agreement regarding the need for disclosure, the purposes underlying the confidentiality provisions of West Virginia Code § 33–2–19 are not thwarted. Critically, the confidentiality provisions created by West Virginia Code § 33–2–19 are aimed at protecting the parties identified in the documents and *not* the Insurance Commissioner.[9]

---

8. To be clear, we are not suggesting that the Insurance Commissioner was wrong to raise objections to disclosing the investigatory documents under its control.

9. The Insurance Commissioner posited that other

In this case, we can find no error with regard to the trial court's determination that the investigatory materials in the Insurance Commissioner's possession are subject to discovery in connection with the civil action pending before it.[10]

Because the Insurance Commissioner has failed to show that the trial court exceeded its jurisdiction in directing the disclosure of the materials relating to Mr. Blankenbeckler, the grounds for issuing a writ of prohibition have not been met. *See State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12, syl. pt. 4. Accordingly, we refuse to issue the requested writ of prohibition.

Writ denied.

Justice ALBRIGHT not participating.

Senior Status Justice McHUGH sitting by temporary assignment.

insurance companies would be less willing to tender documents in connection with ongoing investigations if they are concerned that the information will not be subject to the confidentiality provisions of West Virginia Code § 33–2–19. Like the trial court, we find this argument somewhat specious given the agreement of all the parties to disclosure in this case. Furthermore, there is nothing in the ruling of this opinion that suggests that the confidentiality protections established by the statute have been vitiated. Where valid reasons exist for nondisclosure, a circuit court is clearly charged with authority to prohibit the production of materials in the investigatory file of the Insurance Commissioner. In this case, there simply was no legitimate basis for withholding the production of the requested documents.

10. In an arguably analogous decision we were asked to determine whether the generalized confidentiality provisions of the Freedom of Information Act barred the disclosure of law enforcement investigatory materials from discovery requests in civil proceedings. *See Maclay v. Jones*, 208 W.Va. 569, 542 S.E.2d 83 (2000). In deciding that the materials were subject to discovery, we held that statutory provisions aimed at extending confidentiality as to the public generally "were not intended to shield law enforcement investigatory materials from a legitimate discovery request when such information is otherwise subject to discovery in the course of civil proceedings." *Id.* at 570, 542 S.E.2d at 84, syl. pt. 2, in part.